**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartolo Giovanni Vivenzi-De La Cruz, ) | No. CV 09-2598-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Eric Holder, Jr., Attorney General, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

Because a disputed issue of fact existed, the Ninth Circuit Court of Appeals transferred Petitioner's citizenship claim to this Court pursuant to 8 U.S.C. §1252(b)(5)(A) for the limited purpose of holding a hearing on Petitioner's nationality claim. (Doc. #1.) Section 1252(b)(5)(B) provides: "If the petitioner claims to be a citizen of the United States and the Court of Appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer proceeding to the district court of the United States for the judicial district in which the petitioner *resides* for a new hearing on the nationality claim . . . ." (emphasis added).

Petitioner filed a Motion to Transfer Venue to San Jose, CA (Co. #16) on February 4, 2010. Petitioner requests a transfer because he claims he does not have funds to travel to Arizona or retain an attorney.

It appears from the record that the Ninth Circuit Court of Appeals did not have full evidence of Petitioner's residency when it transferred the case to this Court. Petitioner's

1    Motion implies and the Certified Administrative Record indicates that before his

2    incarceration in Eloy, Arizona, Petitioner resided in Northern California.  And as Defendant

3    points out, Petitioner did not become a resident of Arizona simply by being incarcerated

4    there.  *Cohen v. U.S.*, 297 F.2d 760, 774 (9th Cir. 1962)("[O]ne does not change his

5    residence to the prison by virtue of being incarcerated there.").

6         Because the record indicates that Petitioner was living in Northern California at the

7    time of his incarceration and that he intends to return there, the United States District Court

8    for the Northern District of California is the proper court to decide the nationality issue

9    pursuant to 8 U.S.C. §1252(b)(5)(A).  Defendant does not disagree with that conclusion.

10        Accordingly,

11        IT IS ORDERED Granting the Petitioner's Motion to Transfer Venue (Doc. #16).

12   This case shall be transferred to the United States District Court for the District of Northern

13   California for a hearing on Petitioner's nationality.

14        DATED this 24th day of March, 2010.

15

16   _____

17                 James A. Teilborg
                   United States District Judge

18

19

20

21

22

23

24

25

26

27

28